```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  10-24456-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
```

ROBERT BROWN,                 :

    Plaintiff,            :

v.                            :        REPORT OF MAGISTRATE
                                                                                  JUDGE

KENNY ATKINSON, et al,        :

    Defendants.           :
_____

       The pro-se plaintiff, Robert Brown has filed a civil rights complaint, pursuant to Bivens, while confined in the Federal Correctional Institution, in Miami, Florida. He files the suit on behalf of all plaintiffs similarly situated and signs the complaint, with his name and all plaintiff's similarly situated. He has filed a motion to proceed in forma pauperis in his name alone.

       He alleges that members of the Junu'ah religion are being discriminated against at the FCI.

       In the first instance, inmates[1] may not join together in a single civil rights suit so as to share the mandatory filing fee. Hubbard v. Haley, 262 F.3d 1194 (11 Cir. 2001), cert. denied, 122 S.Ct. 1083 (2002).  The Hubbard Court found that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required

---

      [1] The Prison Litigation Reform Act applies to convicted prisoners and to pretrial detainees in confinement. 42 U.S.C. §1997e(h).

fee." Id. The Circuit Court affirmed the district court's decision to dismiss the case filed by multiple plaintiffs without prejudice and to require each prisoner to file an individual action accompanied by the full filing fee or an application to proceed in forma pauperis.

Therefore, to proceed in federal court, each plaintiff must file a new, individual complaint on his own behalf, and either pay the full $350.00 filing fee or submit an individual motion to proceed in forma pauperis, with a supporting financial affidavit, if he cannot afford to pay the Clerk's filing fee in its entirety.

Secondly, the plaintiff clearly seeks certification that this action proceed as a class action, as his claims are brought on behalf of all the named plaintiffs similarly situated.

The district court is accorded broad discretion in determining whether a suit should proceed as a class action. There are four prerequisites which must be satisfied to allow certification of a class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). The burden is on the party seeking class certification to establish his right to do so, and all four of the prerequisites must be satisfied. Once the plaintiff has satisfied the requirements of Fed.R.Civ.P. 23(a), he must demonstrate that the class he seeks to represent falls within one of the sub-categories of Fed.R.Civ.P. 23(b). Avery v. Powell, 695 F.Supp. 632, 643 (D.N.H. 1988).

The plaintiff has not pleaded all of the prerequisites of Fed.R.Civ.P. 23(a) and (b).

Moreover, one of the factors the Court must consider in determining the adequacy of representation is the qualification and experience of the person actually conducting the litigation. Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class, thereby preventing others from later raising the same claims. See Williams v. Bennett, 689 F.2d 1370, 1381-82 (11 Cir. 1982), cert. denied, 464 U.S. 832 (1983). Often the ability of the class representative to protect the interests of the class depends on the quality of counsel. Gonzales v. Cassidy, 474 F.2d 67, 72-73 (5 Cir. 1973). Because a layman does not ordinarily possess the legal training and expertise needed to protect the interests of the proposed class, the Courts are loath to certify a class represented by a pro se litigant. In the seminal case of Oxendine v. Williams, 509 F.2d 1405, 1407 (4 Cir. 1975), the Court held that it was error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.

It is therefore recommended as follows:

1. This complaint be dismissed without prejudice.

2. If the plaintiff wishes to raise discrimination claims solely related to his situation, he may file an amended complaint on or before January 14, 2011. If no amendment is timely filed, the complaint will be dismissed and this case closed.

3. It is further recommended that all pending motions are denied as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 20th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Robert Brown, Pro-se
    FCI Miami
    Address of record